UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **FAIRCHILD SEMICONDUCTOR CORPORATION,** | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil No. 08-158-P-H |
| **THIRD DIMENSION (3D) SEMICONDUCTOR, INC.,** | ) ) ) | |
| Defendant | ) | |

REPORT OF HEARING AND ORDER
RE: DISCOVERY DISPUTE

Held by telephone on Friday, October 17, 2008, at 4:30 p.m.

Presiding: John H. Rich III, United States Magistrate Judge

Appearances: For Plaintiff: Robert H. Stier, Esq., Sean L. Sweeney, Esq., and Michael J. Sullivan, Esq.

For Defendant: Michael W. Shore, Esq., and Patrick J. Conroy, Esq.

In accordance with my order dated October 15, 2008 (Docket No. 76), the plaintiff filed a renewed motion to compel the continued deposition of Samuel Anderson and for sanctions (Docket No. 77), and the defendant filed a response thereto (Docket No. 78), after the parties' efforts to resolve the instant dispute themselves foundered. With the benefit of review of those papers, and after hearing from counsel, I ruled in the plaintiff's favor, determining that counsel for the defendant

1

had obstructed the course of the deposition of Anderson held in California on September 16, 2008, in violation of Federal Rule of Civil Procedure 30(c)(2), by:

1      Making several improper "speaking" objections in violation of the admonition of Rule 30(c)(2) that objections "must be stated concisely in a nonargumentative and nonsuggestive manner."

2.     Instructing witness Anderson not to answer the plaintiff's counsel's questions on more than 20 occasions during the course of a roughly half-day-long deposition, including on eight occasions following a teleconference with me early in the deposition (*see* Docket No. 59) and on six occasions following a teleconference with Magistrate Judge Kravchuk later in the deposition during which she admonished the defendant's counsel, *inter alia*, to give instructions not to answer sparingly (*see* Docket No. 60).

3.     Supplying, on most of those occasions, an improper basis for the instruction not to answer, including (i) relevance, *see* Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."), (ii) a claim of harassment of the witness, unaccompanied by the requisite immediate filing of a motion under Rule 30(d)(3) to terminate or limit the deposition on that ground, *see* Fed. R. Civ. P. 30(c)(2), (d)(3), and (iii) an unwarranted, overly broad interpretation of the attorney-client and work-product privileges and of the scope of an order that I had issued on September 5, 2008, resolving the narrow question of whether the plaintiff was entitled to discover documents related to the defendant's license agreements with others involving one or more of the four patents in issue in this lawsuit, *see* Docket No. 53.

Despite the defendant's counsel's earnest protestations, both in their responsive brief and during the instant teleconference, that their conduct during the Anderson deposition either largely complied with, or was undertaken in a good-faith effort to comply with, the dictates of the Federal Rules of Civil Procedure and with this court's orders, including those given during the two discovery teleconferences held with me and with Judge Kravchuk on the day of the deposition, I find it to have been both non-compliant in the manner outlined above, objectively unreasonable, and not substantially justified.

Accordingly, pursuant to Federal Rules of Civil Procedure 30(d)(2) and 37(a)(5), the plaintiff's motion to compel and for sanctions is **<u>GRANTED</u>** as follows:

1.     Unless the parties can agree to another place and time, the plaintiff is permitted to continue the deposition of Samuel Anderson on Tuesday, November 4, 2008, at the offices of Pierce Atwood, in Portland, Maine, with said continued deposition to commence no later than 10 a.m. and to be limited to a total of two hours in duration.[1]

2.     During the course of that deposition, the defendant's counsel are prohibited from making any speaking objections and are directed to make any objections concisely and in a nonargumentative and nonsuggestive manner. The defendant's counsel also are admonished to refrain from instructing Anderson not to answer on the basis of privilege unless plaintiff's counsel's question directly elicits the content of attorney-client privileged communication. *See Tardiff v. County of Knox*, 246 F.R.D. 66, 81 (D. Me. 2007) (observing that questions asking a witness about his or her own understanding are not barred by the attorney-client privilege; "The privilege does not

---

[1] During the instant teleconference, I denied the defendant's requests to hold the continued deposition at this courthouse and to transform Anderson into a Rule 30(b)(6) deponent for purposes of obliging the plaintiff to inform the defendant, in advance, of the questions to be asked at the continued deposition.

3

protect *facts* that an attorney conveys to his client[,]" and a witness "may be asked at deposition about facts within his knowledge even if [the] source is privileged") (emphasis in original) (citations and internal punctuation omitted). An instruction not to answer based on "privilege" grounded in a claim of propriety or confidential information is not well taken.[2]

    3.    The defendant will pay the costs of expedited "daily" transcripts for both parties.

    4.    The defendant will pay the plaintiff's reasonable costs and attorney fees incurred in bringing its successful motion to compel (Docket No. 77). The plaintiff is to submit a statement of costs and attorney fees incurred in prosecuting that motion within 15 days of the date hereof, and the defendant may respond and show cause why those amounts should not be awarded within 15 days of the date of submission of the plaintiff's statement.

*SO ORDERED.*

## CERTIFICATE

A.    This report fairly reflects the actions taken at the conference and shall be filed forthwith.

---

[2] During the instant teleconference, the defendant's counsel expressed an intention to seek a protective order prior to the continued deposition of Anderson covering proprietary, confidential, and/or "trade secret" information of companies that are not parties to the instant suit. Should they elect to do so, they should explain why the existing protective order entered in this case is inadequate to protect such information. In the absence of a protective order specifically barring discovery of any such information, I perceive no valid basis on which the defendant's counsel could instruct Anderson not to answer on any of these grounds. *See Federal Open Market Comm. v. Merrill*, 443 U.S. 340, 356, 361 (1979) (courts have recognized a qualified, rather than absolute, privilege for trade secrets); *Klein v. King*, 132 F.R.D. 525, 531 (N.D. Cal. 1990) ("[W]e assume that the protective order virtually eliminates any good faith basis for an instruction not to answer based on fear of disclosure of a trade secret."); *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 WL 2645680, at *8 (S.D. Fla. June 26, 2008) ("[T]he objection that the information sought was 'proprietary' is not a privilege, as that term is used in Rule 30(d), and is therefore not enough to prevent the witness from answering a question.").

B.      Any objections to the report shall be filed in accordance with Fed. R. Civ. P. 72.

Dated this 19th day of October, 2008.

>/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge