UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **FAIRCHILD SEMICONDUCTOR CORPORATION,** | ) ) ) | |
| **Plaintiff** | ) ) | |
| v. | ) ) | Civil No. 08-158-P-H |
| **THIRD DIMENSION (3D) SEMICONDUCTOR, INC.,** | ) ) ) | |
| **Defendant** | ) | |

**ORDER ON DEFENDANT'S REQUEST FOR REDACTIONS OF DECISION**

On April 21, 2009, I issued an Amended Memorandum Decision and Order on Plaintiff's Motions for Sanctions and To Strike and Defendant's Motions for Attorney Fees, To Amend Scheduling Order, and for Rule 56(f) Continuance ("Decision") (Docket No. 291) in which I directed the Clerk of the Court to seal the Decision and the parties to notify me by noon on Wednesday, April 22, 2009, whether the Decision contained any confidential information that should remain sealed. If so, I instructed the parties to indicate explicitly what language should be redacted, with due regard to the public's interest in access to court proceedings.

The plaintiff notified me that, in its view, the Decision should be unsealed in its entirety. The defendant requested that the entire Decision remain sealed or, in the alternative, that a substantial portion be redacted, arguing that the Decision disclosed confidential information regarding its corporate structure, business relationships, and ownership, as well as confidential information regarding settlement discussions. *See* Docket No. 292. The plaintiff sought and was permitted an

1

opportunity to respond to that request. *See* Docket No. 295. The plaintiff urged me to reject the redactions proposed by the defendant and to err on the side of the right of public access on grounds that (i) the majority of the proposed redactions concern publicly-available information, (ii) others target communications between attorney Michael Shore and third parties, or between the plaintiff and third parties, that are not confidential and do not relate to the defendant's business, and (iii) others relate not to facts, but rather to the court's legal analysis and conclusions. *See id*.

After careful review of the parties' papers, I **REJECT** almost all of the redactions proposed by the defendant. "Under the common law, there is a long-standing presumption of public access to judicial records." *In re Gitto Global Corp*., 422 F.3d 1, 6 (1st Cir. 2005). "This presumption of access helps safeguard the integrity, quality, and respect in our judicial system, and permits the public to keep a watchful eye on the workings of public agencies." *Id*. (citation and internal quotation marks omitted).

The right of public access to judicial records is not absolute, and "it is within a court's discretion to curtail" it, for example, "to prevent judicial records from being used to gratify private spite or promote public scandal, or to prevent [such] records from becoming reservoirs of libelous statements for press consumption or sources of business information that might harm a litigant's competitive standing." *Id*. (citations and internal punctuation omitted). Still, "only the most compelling reasons can justify non-disclosure of judicial records." *Id*. (citation and internal punctuation omitted). *See also, e.g., Panse v. Shah*, 201 Fed. Appx. 3, 3 (1st Cir. 2006) ("Sealing is disfavored as contrary to the presumption of public access to judicial records of civil proceedings. It is justified only for compelling reasons and with careful balancing of competing interests.") (citations omitted). "[A] party seeking to file a document under seal must demonstrate that 'good

cause' exists to do so." *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, Civil Action No. 07-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008).

The defendant offers only a conclusory statement that the passages it requests be redacted contain confidential business or settlement information.  *See* Docket No. 292.  It illuminates no manner in which release of that information would cause it harm.  *See id*.  Furthermore, the bulk of the information that it requests remain sealed is publicly available or cannot fairly be described as confidential information concerning either its business or settlement discussions.  That said, I have redacted two words on pages 6 and 7 conveying specific information about the defendant's business that I have not been able to verify is publicly available, as well as two sentences on page 8 referring to settlement discussions.

The request for redactions is otherwise **DENIED**.  Consistent with this order, a redacted version of the Decision shall be made publicly available on the Court's docket forthwith.

*SO ORDERED.*

Dated this 30th day of April, 2009.

                                                      /s/  John H. Rich III
                                                      John H. Rich III
                                                      United States Magistrate Judge